UNITED STATES of America,
Plaintiff–Appellee,

v.

Luis Torres ROJAS,
Defendant–Appellant.

No. 88–3501.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 23, 1989.

William L. Crull, III, F. Irvin Dymond, New Orleans, La., for defendant-appellant.

Walter F. Becker, Asst. U.S. Atty., John Volz, U.S. Atty., Gerry Deegan, Robert J. Boitmann, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Luis Torres Rojas pled guilty to possession of approximately four hundred ninety-seven grams of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). On appeal, he challenges only his sentence. Rojas contends that the sentencing guidelines are unconstitutional. He also contends that he was entitled to a reduction in his offense level because he was a minor or minimal participant in his crime; that the district judge incorrectly determined the amount of cocaine involved in the crime; and that the district judge should have made a downward departure from the guidelines because Rojas aided authorities. Finding no error in the sentence imposed, we affirm.

I

Rojas challenges the constitutionality of the sentencing guidelines. His argument is foreclosed by the Supreme Court's recent decision in *Mistretta v. United States*, —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

II

■ The district judge found that Rojas's crime involved 497 grams of cocaine. Rojas contends that the district court should instead have found that the crime involved only 338 grams, because the 497 grams was only 68% pure. This argument contradicts the clear language of the guidelines. In a footnote to the Drug Quantity Table accompanying Guideline 2D1.1, the guidelines state, "if any mixture of a com-

pound contains any detectable amount of a controlled substance, the entire amount of the mixture or compound shall be considered in measuring the quantity." The district court therefore correctly applied § 2D1.1.

### III

Rojas contends that because he was a drug courier, he was entitled to a reduction in his offense level as a "minor" or "minimal" participant. *See* Guideline 3B1.-2. We have held, however, that a defendant may be a courier without being either a minimal participant or a minor participant. *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir.1989).

Minor participant status is not a legal conclusion derived by applying the guidelines to factual determinations. It is itself a factual determination, and enjoys the protection of the "clearly erroneous" standard. That factual determination turns upon culpability, not courier status. As we said in *Buenrostro*, a defendant may be a courier without being substantially less culpable than the average participant. Culpability is a determination requiring sensitivity to a variety of factors.

In this case, the district judge clearly found that the defendant was neither a minimal nor a minor participant, basing his conclusion upon the significant quantity of cocaine which Rojas possessed. The record provides clear support for this conclusion, and, following *Buenrostro*, we therefore affirm.

### IV

Rojas claims that the trial judge should have departed from the guidelines because Rojas provided substantial assistance to the authorities. *See* Guideline 5K1.1. We will uphold a district court's refusal to depart from the guidelines unless the refusal was in violation of law. *Buenrostro*, 868 F.2d at 139. Rojas does not, however, suggest any law violated by the district court's refusal to depart. Indeed, the gist of the defendant's claim is that the district court gave him precisely the sentence required by law. A claim that the district court refused to depart from the guidelines and imposed a lawful sentence provides no ground for relief. We therefore affirm the district court's refusal to depart from the guidelines.

The judgment of the district court is, in all respects,

AFFIRMED.