IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40429
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANTHONY D'ANDRE SCOTT,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:94-CR-31-1
- - - - - - - - - -
February 8, 1996

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    This is a direct appeal of a jury conviction for possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The appellant argues that the district court erred in denying his motion to suppress the cocaine seized from his vehicle after a traffic stop. The district court did not err in holding that the officers were justified in stopping Scott's vehicle initially for a violation of Texas traffic law. United States v. Kelley, 981 F.2d 1464, 1467 (5th Cir.), cert. denied, 113 S. Ct.

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

2427 (1993). The district court did not err in holding the questioning did not exceed the scope of the initial traffic stop. Id. at 1469-70. Based on the information obtained from the officers initial questioning of Scott, including questions regarding the validity of Scott's driver's license and Scott's nervousness, the officers were justified in questioning Scott further. See United States v. Crain, 33 F.3d 480, 485 (5th Cir. 1994). The district court did not clearly err in holding that Scott voluntarily consented to the search of his vehicle. See Kelley, 981 F.2d at 1470.

Scott contends that the district court abused its discretion in refusing to give a jury instruction on duress. The district court did not abuse its discretion in refusing to give the duress jury instruction because there was no evidentiary basis for the duress defense. See United States v. Tannehill, 49 F.3d 1049, 1057 (5th Cir.), cert. denied, 116 S. Ct. 167 (1995).

Scott contends that the sentencing court erred in refusing to grant a downward departure based on duress and his diminished capacity. Scott does not contend that the district court violated the law or misapplied the Guidelines in refusing to grant a downward departure, or that the district court was unaware that it had the authority to grant a downward departure. This court lacks jurisdiction to review a defendant's challenge to his sentence based on mere dissatisfaction with the court's refusal to grant a downward departure, unless the court's refusal was the result of a violation of law or a misapplication of the Guidelines. United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995).

Scott contends that the district court erred in refusing to reduce his offense level based on his minor role in the offense. The district court did not abuse its discretion in holding that Scott was not entitled to a reduction in his offense level for his alleged minor role in the offense as Scott presented no evidence at trial or at sentencing that others were involved in the offense or that his role was merely to transport the drugs. We have previously rejected the argument that a defendant acting as a courier of 497 grams of cocaine was a minor participant because of the "significant quantity" of cocaine the defendant possessed. United States v. Rojas, 868 F.2d 1409, 1410 (5th Cir. 1989).

Scott contends that the U.S. Sentencing Guidelines governing crack cocaine are unconstitutionally vague and meaningless. We have previously held that the disparate sentencing provisions for crack cocaine and cocaine powder in the Guidelines do not violate constitutional due process guarantees. United States v. Thomas, 932 F.2d 1085, 1090 (5th Cir. 1991), cert. denied, 502 U.S. 1038 (1992).

AFFIRMED.