IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10957
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO SALAZAR CAVAZOS, also known as Paco,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No.4:98-CR-108-5-E
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Francisco Salazar Cavazos appeals the district court's denial of his request for a minimal or minor participant adjustment under § 3B1.2 of the Sentencing Guidelines, a factual determination which we review for clear error. See United States v. Flucas, 99 F.3d 177, 178 (5th Cir. 1996). Although Cavazos contends that he was only a courier, it does not necessarily follow that he was a minor or minimal participant, particularly given the large quantity of cocaine involved. See United States v. Rojas, 868 F.2d 1409, 1410 (5th Cir. 1989). Further, Cavazos

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was admittedly involved over a four-day period in coordinating the transportation and delivery of the cocaine.  Thus, he was not substantially less culpable than other participants.  <u>See</u> <u>United States v. Buenrostro</u>, 868 F.2d 135, 136 (5th Cir. 1989).

Because we find that the district court could properly deny Cavazos a reduction for either minor or minimal participation, we need not reach the issue of whether Cavazos preserved the minor participant issue for appeal.  <u>See</u> <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 693 n.1 (5th Cir. 1997).

AFFIRMED.