IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30345
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKLIN DAVID MIRANDA,
also known as Frankie,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-264-2-B
--------------------
November 8, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Franklin David Miranda challenges the sentence he received following his guilty-plea conviction for conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. He argues that the district court erred by sentencing him to a five-year supervised-release term after having admonished him at rearraignment that he faced no more than four years' supervised release. The Government concedes the error and argues that the case should be remanded for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Both Miranda and the Government are incorrect. The claim is not one of sentencing error but of alleged error under Fed. R. Crim. Proc. 11. Although Miranda states that he relied on the misinformation regarding the four-year maximum term of supervised release in "weighing the ramifications of pleading guilty," at no time did he attempt to withdraw his plea or assert that it was involuntary or made without adequate knowledge. Instead, Miranda appears to assert that a Rule 11 error vitiates a subsequently imposed sentence and requires automatic remand for resentencing. There is no authority for this proposition.

The district court erred in advising Miranda regarding the maximum term of supervised release he would receive, but the error does not affect the sentence imposed, only the validity of the plea itself. See, e.g., Rule 11(c) and (h). Because Miranda has not argued any error in connection with his plea but requests only resentencing, he seeks relief which is not available for a Rule 11 violation, and his claim fails.

Miranda also renews his argument that he was entitled to a sentencing reduction under U.S.S.G. § 3B1.2 for playing a minimal or minor role in the offense because he was only a courier and because he was less culpable than his codefendant. He does not renew the argument that the adjustment was warranted based on the purity level of the heroin involved, and that claim is therefore waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(arguments not briefed on appeal are deemed abandoned).

The district court did not clearly err in refusing the

§ 3B1.2 adjustment. See United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994). Even if Miranda had served only as a courier, that alone would not entitle him to the reduction. See United States v. Rojas, 868 F.2d 1409, 1410 (5th Cir. 1989). However, contrary to his assertions, Miranda did more than serve as a mere courier; the PSR found that he contacted the confidential informant ("CI") to arrange payment for the drugs and was arrested with Alvarez at the site where payment was made. The district court concluded that, although his codefendant may have been more culpable than Miranda, the preponderance of the evidence showed that Miranda was aware of the full scope of the drug-trafficking activities and that Miranda was not substantially less culpable than his codefendant. See § 3B1.2, comment. (n.1 and 3). Miranda's conclusional assertions that he only handled money and that he had never contacted the CI are not supported by any record evidence, nor has he presented any evidence to contradict the findings of the PSR. Miranda has neither alleged nor proved that he was not aware of the scope of the conspiracy or that he played a substantially less meaningful role in the offense than did his codefendant, and he has thus failed to sustain his burden of proving his mitigating role in the offense. See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995).

By his third issue, Miranda renews his challenge to the calculation of the amount of heroin attributed to him for sentencing purposes. He argues that the preponderance of the evidence did not demonstrate that there was heroin, as opposed to

possibly only Benzocaine and Procaine, in each of the three baggies seized from the CI.

The PSR found that each baggie seized from the CI contained heroin, as was confirmed by Agent Gill, which finding was adopted by the district court.  Miranda thus has the burden of showing that the information in the PSR was materially untrue.  United States v. Shipley, 963 F.2d 56, 59 (5th Cir. 1992); see § 6A1.3.

Miranda has not argued that the information in the PSR was materially untrue.  Instead, he argues that Gill's testimony is "suspect;" however, he provides no factual support for this speculative and conclusional allegation, and it is insufficient to make the required showing.  His claim thus fails.

Miranda has not demonstrated any error in the district court's judgment.  Accordingly, the judgment is AFFIRMED.