IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40793
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BUFFIE MCILWAIN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:00-CR-55-1
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Buffie McIlwain appeals the judgment of conviction following her entry of a guilty plea to a charge of possession with intent to distribute less than 100 kilograms of marijuana.  McIlwain contends that the Government breached the plea agreement, the district court erred when it included cocaine as well as marijuana in the determination of her base offense level, and the district court erred when it denied her a decrease for being a minor participant.

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review <u>de novo</u> the Government's compliance with a plea agreement. <u>United States v. Valencia</u>, 985 F.2d 758, 760 (5th Cir. 1993). We consider whether the Government's conduct is consistent with the defendant's reasonable understanding of the agreement. <u>United States v. Cantu</u>, 185 F.3d 298, 304 (5th Cir. 1999).

The Government did not stipulate in the plea agreement that McIlwain's sentence would be based solely on the quantity of marijuana. The plea agreement in fact cautioned McIlwain that her sentence was to be imposed by the district court in accordance with the Sentencing Guidelines and that any estimate of the probable sentence that McIlwain may have received from counsel or the Government was not a prediction or a promise and was not binding on the Government or on the district court. The Government's clarification of its position at sentencing concerning McIlwain's knowledge of the cocaine did not constitute a breach of the plea agreement. <u>See</u> <u>United States v. Reeves</u>, 255 F.3d 208, 210 (5th Cir. 2001).

A defendant's base offense level for a drug-trafficking offense is determined by the quantity of drugs involved; the applicable drug quantity includes drugs with which the defendant was directly involved and drugs that can be attributed to her as relevant conduct. <u>United States v. Foy</u>, 28 F.3d 464, 476 (5th Cir. 1994); U.S.S.G. § 1B1.3(a)(1). We review the district court's determination of drug quantity for clear error. <u>United States v. Young</u>, 981 F.2d 180, 185 (5th Cir. 1993).

McIlwain admitted involvement with marijuana and cocaine at the time of her arrest.  Because McIlwain has not presented evidence to rebut the information in the presentence report, the district court was free to rely on the presentence report at sentencing.  United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995); Young, 981 F.2d at 185.

We review a district court's finding concerning a defendant's role in the offense for clear error.  Burton v. United States, 237 F.3d 490, 504 (5th Cir. 2000).  McIlwain bears the burden of establishing entitlement to a reduction for her role in the offense by a preponderance of the evidence.  Id.  A "minor" participant is "any participant who is less culpable than most other participants, but whose role could not be described as minimal."  U.S.S.G. § 3B1.2, comment. (n.3).

McIlwain was driving the vehicle when the police made the stop.  She was a listed driver on the vehicle rental agreement. The police found over 23 kilograms of marijuana and over one kilogram of cocaine in the vehicle.  At the time of the stop, McIlwain admitted knowledge and control of the marijuana and cocaine.  McIlwain's admitted role as a courier does not necessarily make her a minor participant.  See United States v. Rojas, 868 F.2d 1409, 1410 (5th Cir. 1989); United States v. Gallegos, 868 F.2d 711, 713 (5th Cir. 1989).  The judgment of the district court is AFFIRMED.