**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 18, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41127
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LOPEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-108-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Lopez appeals his guilty-plea conviction and sentence for importing 35.34 kilograms of cocaine. He argues: (1) that the district court erred when it denied a reduction in his total offense level based on his minor role in the offense and (2) that 21 U.S.C. §§ 841, 952 and 960 are facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Lopez concedes that his second argument is foreclosed but nevertheless raises the issue to preserve it for possible further review.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The large quantity of cocaine that Lopez was transporting supports the denial of a minor participant reduction despite Lopez's claim that he was only a courier.  See <u>United States v. Rojas</u>, 868 F.2d 1409, 1409-10 (5th Cir. 1989).  The district court therefore did not clearly err in determining that Lopez was not entitled to a minor role reduction pursuant to U.S.S.G. § 3B1.2(b).  <u>See</u> <u>United States v. Zuniga</u>, 18 F.3d 1254, 1261 (5th Cir. 1994).

Lopez's argument regarding the constitutionality of the statutes of conviction is foreclosed by this court's decision in <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000).

The judgment of the district court is therefore AFFIRMED.