**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 19, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40732
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

        versus

FERNANDO AGUILAR, also known as
David Fernandez,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-451-1

_____

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Fernando Aguilar pleaded guilty to one count of possession
with intent to distribute ninety-one kilograms of marijuana and was
sentenced to fifty-seven months of imprisonment and two years of
supervised release.  Aguilar appeals his sentence, asserting that
the district court clearly erred when it denied a reduction

_____

        [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to U.S.S.G. § 3B1.2(b) for a minor role in the offense. Aguilar contends that his role was that of a mere courier.

We review the finding on a defendant's role in an offense for clear error. *United States v. Deavours*, 219 F.3d 400, 404 (5th Cir. 2000). A two-level adjustment for a minor role applies in the case of a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). The defendant bears the burden of proving that he was a minor participant in the offense. *United States v. Garcia*, 242 F.3d 593, 597 (5th Cir. 2001).

Aguilar's admissions demonstrate that he acted in a greater capacity than a mere courier. Aguilar did not demonstrate that the information in the presentence report was unreliable. *United States v. Young*, 981 F.2d 180, 185 (5th Cir. 1993). Further, holding only a courier-type role does not automatically entitle a defendant to the U.S.S.G. § 3B1.2(b) reduction for a minor participant. *See United States v. Rojas*, 868 F.2d 1409, 1410 (5th Cir. 1989); *United States v. Gallegos*, 868 F.2d 711, 713 (5th Cir. 1989). The district court's implicit finding that Aguilar was not entitled to the U.S.S.G. § 3B1.2(b) reduction is plausible in light of the record viewed as a whole. *Burton v. United States*, 237 F.3d 490, 500 (5th Cir. 2000).

Accordingly, the judgment of conviction and sentence is AFFIRMED. This action is REMANDED for the sole purpose of allowing

the district court to correct the written judgment to reflect that the term of supervised release is two years.

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.