United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51464
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRYSTAL ROXANN COTINOLA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-1302-ALL
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Crystal Roxann Cotinola pleaded guilty to importation of 50 kilograms or more of marijuana and to possession with intent to distribute 50 kilograms or more of marijuana.  She was sentenced to 21 months' imprisonment for each offense, to be served concurrently; three years' supervised release for each offense, to be served concurrently; and a $200 special assessment.

Cotinola argues on appeal that the district court erred in denying her a two-point reduction in her offense level as a minor

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

participant in the offense pursuant to U.S.S.G. § 3B1.2(b). She argues that the district court incorrectly based the denial of her adjustment on certain irrelevant factors mentioned in the presentence report and its addendum. She also contends that she was a mere drug courier and drug couriers generally are much less culpable than other participants. She further asserts that she was substantially less culpable than other drug couriers because she was recruited at the last minute, she did not know how much marijuana she was carrying, and she did not know the exact amount that she would be paid.

The district court did not misapply the guidelines or clearly err in determining that Cotinola was not entitled to an adjustment based on her role in the offense. The district court considered the presentence report in its entirety when making its decision. In addition, Cotinola's status as a courier did not alone entitle her to a minor role adjustment. See United States v. Rojas, 868 F.2d 1409, 1410 (5th Cir. 1989). Furthermore, Cotinola was transporting a large quantity of marijuana and the district court was not required to accept her version of the circumstances surrounding her crime. See United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). The district court did not clearly err in determining that Cotinola did not show by a preponderance of the evidence that she was entitled to a downward adjustment for her minor role. See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995).

AFFIRMED.