United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40022
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRISCILIANO JIMENEZ-CID, also known as
Romeo Garza,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-625-1
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Prisciliano Jimenez-Cid (Jimenez) appeals his conviction and
sentence following his guilty plea to importing over 50 but less
than 100 kilograms of marijuana.  Jimenez argues that the
district court clearly erred when it denied him a four-level
adjustment as a minimal participant, or alternatively, a two-
level adjustment as a minor participant under U.S.S.G.
§ 3B1.2(b).  Jimenez argues that he was entitled to an adjustment

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because he was a mere courier and because he was substantially less culpable than "Juan," the other participant in the offense.

The district court did not clearly err when it denied Jimenez an adjustment under U.S.S.G. § 3B1.2(b) inasmuch as his role as a courier does not automatically entitle him to the adjustment. See Burton v. United States, 237 F.3d 490, 500 (5th Cir. 2000); United States v. Rojas, 868 F.2d 1409, 1410 (5th Cir. 1989). Jimenez's culpability is established by the large amount of marijuana he imported. See United States v. Leal-Mendoza, 281 F.3d 473, 477 (5th Cir. 2002); Rojas, 868 F.3d at 1409; and United States v. Gallegos, 868 F.2d 711, 713 (5th Cir. 1989). Moreover, Jimenez was more than peripherally involved in the offense inasmuch as he left the country to drive the loaded vehicle across the Mexican border. See United States v. Miranda, 248 F.3d 434, 446-47 (5th Cir. 2001). Jimenez fails to show that his status as a courier makes him less culpable than "Juan." See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995).

Jimenez's argument that the Government breached the plea agreement when it failed to recommend at Jimenez's sentencing proceeding that Jimenez be sentenced at the low end of the applicable guidelines range is foreclosed by this court's decision in United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001).

Likewise, Jimenez's argument that 21 U.S.C. §§ 952 and 960(a) and (b) are facially unconstitutional under Apprendi v. New Jersey,

530 U.S. 466 (2000), is foreclosed by <u>United States v. Slaughter</u>, 238 F.3d 580 (5th Cir. 2000).

AFFIRMED.