United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20156
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ROSA MAIGUALIDA MARANA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-333-1
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges

PER CURIAM:[*]

    Rosa Maigualida Marana appeals her guilty-plea conviction and
sentence for possession with intent to distribute heroine and
importation of heroin.  Marana argues that the district court
clearly erred in refusing to grant her request for a two-level
"minor role" reduction under U.S.S.G. § 3B1.2(b).  She argues that
the evidence showed that she was merely a courier and that a
"recruiter" was responsible for her conduct.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's refusal to grant Marana a two-level reduction for being a minor participant was not clearly erroneous. See United States v. Virgen-Moreno, 265 F.3d 276, 296 (5th Cir. 2001). The large quantity of heroin that Marana was transporting strongly supports the denial of a reduction for being a minor participant. See United States v. Rojas, 868 F.2d 1409, 1409-10 (5th Cir. 1989). Furthermore, the district court was not required to accept Marana's account of her role in the drug trafficking scheme. See United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). Lastly, this court has held that "couriers are an indispensable part of drug dealing networks." Id.

For the first time on appeal, Marana maintains that the sentencing schemes of 21 U.S.C. §§ 841 and 846 are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). As Marana concedes, her argument is foreclosed by this court's decision in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000). She raises the issue only to preserve it for possible further review.

The judgment of the district court is AFFIRMED.