United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40540
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN RAY FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-2-1
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

John Ray Flores appeals his guilty-plea conviction and

sentence for importing 58 kilograms of marijuana into the United

States in violation of 21 U.S.C. §§ 952 and 960 and 18 U.S.C.

§ 2. He argues that the district court erred in denying him a

reduction in his offense level for a mitigating role in the

offense under U.S.S.G. § 3B1.2. Flores has not shown that the

district court clearly erred in determining that he was not

entitled to a reduction in his offense level for a mitigating

role in the offense as he was carrying a large amount (58

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

kilograms) of marijuana and as a courier he was an "indispensable part of drug dealing networks." See United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989); see also United States v. Rojas, 868 F.2d 1409, 1409-10 (5th Cir. 1989).

Flores argues that the district court erred in departing upward based on improper factors and that the district court's failure to give further written reasons for its upward departure was plain error. The district court based its decision to depart upward on factors which were authorized under 18 U.S.C. § 3553(b) and the Sentencing Guidelines, including Flores's extensive criminal background and his propensity to recidivism. See U.S.S.G. §§ 4A1.3, 5K2.0; 18 U.S.C. § 3553(b); see also United States v. Milton, 147 F.3d 414, 420-21 (5th Cir. 1998). Flores has three juvenile convictions which were not included in his criminal history score; he admitted to being part of a dangerous gang, the "Tri-City Bombers"; his criminal activity continued over the next six years and became progressively more violent; and he committed the instant offense within three months of his release from jail for the injury to a child offense. See United States v. Winters, 105 F.3d 200, 205 (5th Cir. 1997). Moreover, Flores has not shown that the district court's written reasons were insufficient under 18 U.S.C. § 3553(c)(2) or that the district court's failure to provide further written reasons constituted plain error. See United States v. Ravitch, 128 F.3d 865, 869 (5th Cir. 1997).

Flores also argues that the district court's upward departure was improper in view of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).  Flores's argument is foreclosed by <u>United States v. Pineiro</u>, 377 F.3d 464, 465 (5th Cir.), <u>petition for cert. filed</u>, (U.S. July 14, 2004)(No. 04-5263).

Flores argues that 21 U.S.C. §§ 952 and 960 are unconstitutional under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Flores's argument is foreclosed by <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000).  <u>Slaughter</u> applies by analogy to the instant case because the statutes at issue are similar in structure and content.  One panel of this court may not overrule another.  <u>See</u> <u>United States v. Fowler</u>, 216 F.3d 459, 461 (5th Cir.), <u>cert. denied</u>, 531 U.S. 960 (2000).

AFFIRMED.