United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

04-40540
Summary Calendar

UNITED STATES of AMERICA,

Plaintiff-Appellee,

v.

JOHN RAY FLORES,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Texas

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The Supreme Court granted Defendant-Appellant Flores's petition for writ of certiorari, vacated our previous judgment in this case, and remanded the case to this Court for further consideration in light of *United States v. Booker,* -- U.S. --, 125

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

S.Ct. 738 (2005). On direct appeal, Flores raised for the first time the claims that: the district court's upward departure was improper in view of *Blakely v. Washington*, -- U.S. --, 124 S.Ct. 2531 (2004); and 21 U.S.C. §§ 952 and 960 are unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000). Concluding that those claims were foreclosed by our precedent, we affirmed Flores's conviction and sentence. *See United States v. Flores,* 122 Fed.Appx. 720 (5th Cir. 2004) (per curiam) (unpublished).

Flores subsequently filed a petition for writ of certiorari, requesting relief under *Booker*. After the Supreme Court remanded the case, pursuant to our instructions, the parties briefed the issue of whether *Booker* impacted Flores's sentence. We now reconsider the case in light of *Booker* and decide to reinstate our previous judgment affirming Flores's conviction and sentence.

Relying on *Booker,* Flores argues that the Sixth Amendment was violated because his enhanced sentence was based on the district court's determination of a fact not found by the jury or admitted by the defendant. He further argues that the sentencing pursuant to a mandatory sentencing guidelines system in his case constitutes *Booker* error.

Flores admits that because he did not raise a *Blakely/Booker* objection in the district court this claim must be reviewed for plain error. *See United States v. Mares,* 402 F.3d 511, 520 (5th

2

Cir.), *petition for cert. filed,* (Mar. 31, 2005) (No. 04-9517). Under the plain error standard, this Court may correct a defendant's sentence only if there is (1) an error; (2) that is clear and obvious; and (3) that affects the defendant's substantial rights. *Mares*, 402 F.3d at 520. If all three requirements are met, an appellate court may exercise its discretion to correct a forfeited error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In response to this Court's question, Flores admits that he "cannot point to any statement in the record that could support an inference that the district court would likely impose a lesser sentence on remand." Clearly, Flores cannot shoulder his burden of demonstrating that the result would have likely been different had the district court sentenced him under the *Booker* advisory regime. *Mares,* 402 F.3d at 522. Flores thus cannot satisfy the third prong of the plain error test. *Id.*[1] Accordingly, because there is no plain error, we reinstate our judgment affirming the defendant's conviction and sentence.

---

[1] To preserve the issues for further review, Flores argues that the sentencing error was "structural" and that application of *Booker's* remedy would constitute an *ex post facto* violation. However, as acknowledged by Flores, this Court has rejected these claims. *See United States v. Martinez-Lugo,* 411 F.3d 597, 601 (5th Cir. 2005) (rejecting claim that sentencing under a mandatory regime was "structural"); *United States v. Scroggins,* 411 F.3d 572, 576 (5th Cir. 2005) (rejecting contention that applying the advisory guidelines would constitute an *ex post facto* violation).

AFFIRMED.