United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-20156

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROSA MAIGUALIDA MARANA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-333-1

_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

In our previous opinion in this case, we affirmed Appellant

Marana's conviction and sentence.  See United States v. Marana,

No. 04-20156, 111 Fed. Appx. 761 (5th Cir. 2004) (per curiam)

(unpublished).  Following our judgment, the defendant timely

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

petitioned the Supreme Court for a writ of certiorari alleging for the first time in her petition that the use of the mandatory Sentencing Guidelines violated her Sixth Amendment rights. The Supreme Court granted the writ, vacated defendant's sentence, and remanded to this court for consideration of defendant's sentence in light of its decision in United States v. Booker, 543 U.S. 220 (2005). We now reconsider the matter and decide to reinstate our previous judgment affirming Marana's conviction and sentence.

Absent extraordinary circumstances, we will not consider a defendant's Booker-related claims presented for the first time in a petition for writ of certiorari. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005). Had Marana raised her Booker-related claims in her initial appellate brief, this court would have reviewed the argument for plain error. Id. at 677. Marana concedes that she cannot show that any error affected her substantial rights, as is required under our circuit's plain error review. See United States v. Mares, 402 F.3d 511, 521-22 (5th Cir. 2005). Because Marana fails plain error review, she also fails to show extraordinary circumstances, which is a more demanding standard. Taylor, 409 F.3d at 677.

Marana's concedes that her structural-error and presumptive-prejudice contentions are also foreclosed. See United States v.

2

Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005); United States v. Malveaux, 411 F.3d 558, 561 & n.9 (5th Cir. 2005).

For the reasons stated above, our prior disposition remains in effect and we REINSTATE OUR EARLIER JUDGMENT affirming Marana's conviction and sentence.