[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10785
Non-Argument Calendar
_____

D. C. Docket No. 06-00386-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER EMICIO PAJARO-CUADRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 20, 2007)

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Javier Emicio Pajaro-Cuadro appeals his 135-month sentence imposed after

he pleaded guilty to possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a), (g), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2, and to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii).

On September 10, 2006, four Columbian nationals, among them Pajaro-Cuadro, attempted to smuggle approximately 1250 kilograms of cocaine into the United States on a go-fast boat. As the Naval ship USS <u>Hall</u> approached the boat, the crew, including Pajaro-Cuadro, began throwing bales of cocaine overboard. The Navy disabled the boat, boarded it, and detained the crew.

The probation office's presentence investigation report calculated Pajaro-Cuadro's base offense level at 38. The PSR then adjusted that level to 35 due to a two point reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), and an additional one point reduction for timely notifying the authorities of his intent to enter a guilty plea, pursuant to § 3E1.1(b).

At sentencing, the district court found that a further reduction of two points was appropriate under the "safety valve" provision, U.S.S.G. §§ 2D1.1(b)(9) & 5C1.2, which resulted in a final adjusted offense level of 33. An offense level of

33, coupled with Pajaro-Cuadro's criminal history category of I, yielded an advisory guideline range of 135 to 168 months. Taking this into account, as well as the 18 U.S.C. § 3553(a) factors, the district court sentenced Pajaro-Cuadro to 135 months imprisonment.

Pajaro-Cuadro contends that the district court erred in not further reducing his offense level pursuant to U.S.S.G. § 3B1.2, the minor- or minimal-role reduction provision. Pajaro-Cuadro claims that he just was a fisherman picked off the docks in order to make the attempt to smuggle cocaine into the United States appear innocuous. Although it is undisputed that he was not an "organizer, leader, manager, or supervisor of the criminal activity," Pajaro-Cuadro admits that he helped throw bales of cocaine overboard when the Navy intercepted the boat. Pajaro-Cuadro claims that he had no information about the shipment and no decision-making authority regarding the trip or the cargo.

We review a district court's finding that the defendant was not a minor participant in the offense only for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). A defendant is a minor participant if he is "less culpable than most other participants, but [his] role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5 (2006). The proponent of the downward adjustment always bears the burden of proving the mitigating role in the offense by

3

a preponderance of the evidence.  De Varon, 175 F.3d at 939.

Both parties recognize that De Varon controls in this case.  De Varon requires that the court apply a two-prong analysis to determine whether to apply a minor role adjustment.  The district court should consider "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct."  Id. at 940.  The latter prong requires that the defendant have a less culpable role than most of the other participants.  Id. at 939.  Of the two prongs, the first is the more important and may be dispositive.  Id. at 945.  As to it, we have explained that, "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense."  Id. at 944.

At sentencing Pajaro-Cuadro was held accountable for his possession with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States and his conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States.  The only evidence on record is that Pajaro-Cuadro was on the boat with more than a literal ton of cocaine and participated in the only other observed act in furtherance of the

4

conspiracy, throwing the evidence overboard when confronted with the Naval vessel. From this evidence, it was not clear error for the district court to hold Pajaro-Cuadro responsible for a non-minor role in the crimes for which he was convicted. Further, this may be a case where the quantity of drugs involved is so extreme as to preclude the possibility of anyone directly involved having a minor role. See United States v. Thomas, 870 F.2d 174, 177 (5th Cir. 1989) (one kilogram of cocaine found to be a substantial enough quantity to deny a minor-role reduction); United States v. Rojas, 868 F.2d 1409, 1410 (5th Cir. 1989) (497 grams of cocaine found to be a substantial enough quantity to deny a minor-role reduction).

With regard to the second prong of the De Varon analysis, relative culpability, we have determined that a district court should look to other participants only to the extent that they (1) "are identifiable or discernable from the evidence," and (2) "were involved in the relevant conduct attributed to the defendant." De Varon, 175 F.3d at 944. Here, the evidence only shows that Pajaro-Cuadro did not have a significant role in the overall scheme of cocaine smuggling and distribution. Even if Pajaro-Cuadro had a lesser role in the actual conduct leading to the arrest than some of his accomplices, for example the person in charge of the boat, it may be that none of the participants can be deemed to have

5

played a minor role.  See id. at 944 ("The fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants.").  Further, the only evidence in the record about the other participants is that one of them was "in charge" of the boat and that they were all observed engaging in conduct identical to that of the defendant.  Pajaro-Cuadro did not show by a preponderance of the evidence that he did anything different from the others on the boat.

Pajaro-Cuadro also contends that the district court either failed to consider or failed to document its consideration of all his relevant conduct in making a finding about the extent of his role in the crimes charged.  U.S.S.G. § 1B1.3(a) provides that adjustments in chapter 3, which includes the minor- and minimal-role adjustments, should be determined by consideration of specified factors.  The ones upon which Pajaro-Cuadro relies are:  (1) acts or omissions caused by the defendant; (2) reasonably foreseeable acts of accomplices; and (3) all harm resulting from the defendant's acts or omissions.  U.S.S.G. §§ 1B1.3(a)(1)(a) & (3).

The district court's failure to explicitly discuss the factors in §1B1.3 of the sentencing guidelines does not compel us to reverse the court's sentence.  As we

said in <u>De Varon</u>:

> In making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings. So long as the district court's decision is supported by the record and the court clearly resolves any disputed factual issues, a simple statement of the district court's conclusion is sufficient.

<u>Id.</u> at 939 (internal citations omitted).

Because Pajaro-Cuadro did not meet either of the <u>De Varon</u> prongs, the district court did not clearly err in finding that he was not a minor or minimal participant in the offense, and therefore not entitled to a § 1B1.2 reduction.

**AFFIRMED.**