# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-40906
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ISAIAS CARRILLO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-422-2

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Isaias Carrillo appeals his sentence following his guilty plea conviction for two counts of possession with intent to distribute more than 500 grams of cocaine and one count of importation of more than 500 grams of cocaine, in violation of 18 U.S.C. § 2; and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, 952(a), 960(b)(2). Carrillo argues that the district court erred in denying him a minor- or minimal-role adjustment to his offense level under U.S.S.G. § 3B1.2. He contends that the adjustment was warranted because the information contained

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the presentence investigation report (PSR) and the supplemental addendum to the PSR was sufficient to show by a preponderance of the evidence that Carrillo played a minor or minimal role in the offense.

We review a district court's decision on a minor- or minimal-role adjustment for clear error. See United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). The PSR and the factual basis for the guilty plea reflect that Carrillo was paid for his services, traveled a long distance to perform the service, and knew or suspected that they would be transporting illegal narcotics. See § 3B1.2, comment. (n.3(C)) (stating that the district court is not required to find, based solely on a defendant's assertions, that he was unaware of the scope or structure of the enterprise). Additionally, the large quantity of cocaine involved militates against a minor- or minimal-role adjustment. See United States v. Rojas, 868 F.2d 1409, 1410 (5th Cir. 1989). From these facts, the district court reasonably could have concluded that Carrillo's role was not peripheral. See Villanueva, 408 F.3d at 204.

Carrillo has failed to show that the district court's denial of a minor- or minimal-role adjustment was clearly erroneous. See id. at 203-04. Accordingly, the judgment of the district court is AFFIRMED.