# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-40638
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CATARINO GUTIERREZ, JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-380-6

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Catarino Gutierrez, Jr., appeals his sentence following his guilty plea conviction of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). Gutierrez argues that the district court clearly erred in denying him a two-level minor role adjustment under U.S.S.G. § 3B1.2. Gutierrez contends that the adjustment was warranted because he did not own the ranch where the drugs were stored or the trucks which were used to transport the drugs.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Whether a defendant is a minor or minimal participant is a factual determination that is reviewed for clear error. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). Pursuant to § 3B1.2, a district court may decrease a defendant's offense level by two levels if the defendant was a minor participant. An adjustment for a minor role applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, comment. (n.5).

The record reflects that Gutierrez packaged, loaded, and transported a significant quantity of marijuana through several states. Gutierrez's role as a packer and transporter of large quantities of marijuana was neither minor nor minimal. See United States v. Rojas, 868 F.2d 1409, 1410 (5th Cir. 1989). In addition, the fact that Gutierrez transported drugs and drug proceeds through several states further establishes that his role was neither minor nor minimal. See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995).

Thus, the district court did not clearly err in denying Gutierrez a minor role adjustment. See United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995); United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989).

AFFIRMED.