# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 29, 2013

Lyle W. Cayce
Clerk

No. 12-41133
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

MIKE SCHARFF,

Defendant – Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-263-8

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mike Scharff appeals the sentence imposed following his jury trial conviction for conspiracy to possess with intent to distribute more than 50 kilograms but less than 100 kilograms of marijuana. The district court sentenced Scharff to 70 months imprisonment and three years of superviswed release. Scharff argues that the district court clearly erred by refusing to apply a mitigating role reduction. He maintains that because of the transfer of his case to a district court judge who did not preside over the trial, the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not know what testimony had been presented at trial. He asserts that the district court would have applied a role reduction if it had the benefit of being able to review the entire record. Scharff maintains that he was entitled to a reduction for being a minor or minimal participant in the offense because he made only $1,100 from the drug trafficking, because he only drove the scout vehicle one or two times, because he never handled the marijuana or money, and because he reported the organization to the FBI.

United States Sentencing Guideline Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." § 3B1.2, comment. (n.3(A)). The section calls for a two-level decrease "[i]f the defendant was a minor participant in any criminal activity," § 3B1.2(b), and a four-level decrease "[i]f the defendant was a minimal participant in any criminal activity," § 3B1.2(a). A minor participant is "less culpable than most other participants, but [one] whose role could not be described as minimal." § 3B1.2., comment. (n.5). A "minimal participant" is one "who plays a minimal role in concerted activity" and who is "plainly among the least culpable of those involved in the conduct of a group." § 3B1.2, comment. (n.4).

The judge who sentenced Scharff was not the same judge who presided over Scharff's trial, and the record does not indicate that the trial transcripts were prepared prior to sentencing. Nevertheless, some form of transcript had been prepared prior to sentencing because the sentencing judge stated at sentencing that he had "read the transcript of the testimony of Mr. Scharff from the trial where he says that at least by Trip 3 one of the other individuals told him there was an AK-47 in a bag." The sentencing judge further stated that he had reviewed the information about the offense conduct in the presentence report (PSR). Additionally, the sentencing judge's comments during sentencing indicated that he was familiar with the facts of the case. Given the sentencing judge's familiarity with the facts of the case, the district court did not commit

reversible error by refusing to apply a mitigating role adjustment without sufficiently examining the record. *See United States v. Bourgeois*, 950 F.2d 980, 987–88 (5th Cir. 1992); *United States v. Makes Room*, 49 F.3d 410, 415 (8th Cir. 1995).

The evidence presented at trial, which was summarized in the PSR and explicitly adopted by the district court at sentencing, showed that Scharff drove the scout vehicle for the transportation of three or more loads of marijuana and that those loads contained a total of approximately 1360.8 kilograms (3,000 pounds) of marijuana. While Scharff, relying on his own testimony at trial, argues that he quit after learning that he was transporting marijuana, the district court's factual finding that Scharff knowingly participated in the transportation of three loads of marijuana was not clearly erroneous. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

Scharff was convicted only of participating in the trafficking of 50–100 kilograms of marijuana and sentenced on that basis when the evidence indicated that he was involved in the trafficking of over 1,300 kilograms of marijuana. Thus, Scharff received "a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct," and thus "a reduction for a mitigating role under [§ 3B1.2] ordinarily is not warranted." § 3B1.2, comment. (n.3(B)). Furthermore, while the evidence indicated that Scharff drove the scout vehicle for marijuana shipments, this role did not entitle him to a mitigating role adjustment. *See United States v. Rojas*, 868 F.2d 1409, 1410 (5th Cir. 1989) ("a defendant may be a courier without being either a minimal participant or a minor participant"); *United States v. De Leon*, No. 92-8558, 1993 WL 241867, at *1 (5th Cir. 1993) (unpublished); *see also* 5TH CIR. R. 47.5.3 (unpublished opinions prior to January 1, 1996, are precedential). Accordingly, the district court did not clearly err by refusing to apply a mitigating role adjustment.

AFFIRMED.