# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11261
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUBER BENITEZ-ALVARADO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-57-1

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:[*]

Huber Benitez-Alvarado (Benitez) appeals the 135-month sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance. Finding no error, we affirm.

First, Benitez argues that the district court erred by declining to apply the two-level safety valve reduction pursuant to U.S.S.G. § 2D1.1(b)(17) and U.S.S.G. § 5C1.2. We review the district court's decision whether to apply the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11261

safety valve reduction for clear error. *United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011).

Section 2D1.1(b)(17) prescribes that a defendant is eligible for a two-level reduction, commonly called a safety valve reduction, if he satisfies the five criteria set forth in § 5C1.2(a)(1)-(5). § 2D1.1(b)(17). The fifth criterion, the only pertinent issue here, requires that, by the time of the sentencing hearing, the defendant must have "truthfully provided the Government all information and evidence the defendant has concerning the offense." § 5C1.2(a)(5). The defendant has the burden of establishing his eligibility for the safety valve reduction, including the burden of showing that he truthfully provided the Government all information and evidence about the offense. *United States v. Flanagan*, 80 F.3d 143, 145-47 (5th Cir. 1996).

The record supports a conclusion that Benitez did not truthfully provide all relevant information. *See Flanagan*, 80 F.3d at 145-47; *McElwee*, 646 F.3d at 345. After his arrest, Benitez initially claimed that a stranger gave him $400 to deliver a soda box that turned out to contain methamphetamine. He later admitted that he knew the person, co-conspirator Nicolas Bueno-Huerta, but he continued to assert that he was unaware initially that he was engaged in a drug transaction, believing he was simply doing Bueno-Huerta a favor. Other evidence, including an apparent drug ledger found in his car, further contradicted his statements. His inconsistent statements and implausible story support the denial of the safety valve reduction. *See, e.g., United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995).

Second, Benitez contends that the district court erred by declining to apply a two-level or four-level downward adjustment pursuant to § 3B1.2 based on his minor or minimal role in the offense. We review the district court's

determination whether a defendant was a minor or minimal participant for clear error. *United States v. Fernandez,* 770 F.3d 340, 345 (5th Cir. 2014).

A mitigating role adjustment pursuant to U.S.S.G. § 3B1.2 is applicable when the defendant "plays a part in committing the offense that makes him substantially less culpable than the average participant." § 3B1.2, comment. (n.3A). The defendant has the burden of establishing by a preponderance of the evidence that his role in the offense was either minimal or minor. *United States v. Garcia*, 242 F.3d 593, 597 (5th Cir. 2001).

Benitez's argument that he is entitled to a mitigating role adjustment because he was merely "a guy who mowed lawns who received $400 to deliver drugs from one drug supplier to another drug supplier" is unavailing. Courier status alone does not warrant a role adjustment. *See United States v. Pofahl*, 990 F.2d 1456, 1485 (5th Cir. 1993); *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989). Moreover, Benitez's assertion that the district court incorrectly determined that he was an integral part of the drug conspiracy without "weighing his participation against the other participants" is unsupported by the record. The record establishes that Benitez played an indispensable role in the offense by transporting three kilograms of methamphetamine, worth $36,000, from a restaurant to the meeting site and watching the drugs until they were retrieved by a co-conspirator. This is sufficient to support the district court's findings. *See Buenrostro*, 868 F.2d at 138; *see also United States v. Rojas*, 868 F.2d 1409, 1410 (5th Cir. 1989). Benitez's contention that the Government was required to rebut his request for a mitigating role reduction is misguided. *See Garcia*, 242 F.3d at 597.

Benitez has failed to demonstrate any error in the district court's judgment. Accordingly, the judgment is AFFIRMED.