**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel Martinez GALLEGOS and**
**Guillermo Madrid–Mutio,**
**Defendants–Appellants.**

**No. 88–1878**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 15, 1989.

---

1. *See* the cases cataloged in n. 1 of *United States v. Maner*, 611 F.2d 107, 111 (5th Cir.1980).

2. *Maner*, 611 F.2d at 112.

Ray Velarde, El Paso, Tex. (Court-appointed), for Gallegos.

Susan Munder Urbieta, El Paso, Tex. (Court-appointed), for Madrid–Mutio.

LeRoy Morgan Jahn, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Manuel Martinez Gallegos and Guillermo Madrid–Mutio each pled guilty to conspiring to import more than 100 grams of heroin into the United States. *See* 21 U.S.C. §§ 952(a), 960(a)(1), and 963. On appeal, they challenge only their sentences. Both defendants contend that the sentencing guidelines are unconstitutional. Madrid–Mutio also contends that he was entitled to a reduction in his offense level because he was a minor or minimal participant in the crime, and that the district court should have made a downward departure from the guideline sentence. Finding no error in the sentences imposed, we affirm.

I

Both defendants challenge the constitutionality of the sentencing guidelines. Their argument is foreclosed by the Supreme Court's recent decision in *Mistretta v. United States*, — U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

II

In connection with Madrid–Mutio's plea agreement, he and the government stipulated to several facts. Madrid–Mutio had carried the heroin from Ciudad Juarez, Mexico, into the United States, and delivered it to an undercover DEA agent. Madrid–Mutio was recruited solely as a courier for that single transaction, and there is no evidence that he was part of a continuing drug smuggling operation. Madrid–Mutio is not the source of the heroin, and is not close to the source of the heroin. Madrid–Mutio contends that on these facts he was entitled to a reduction in his offense level because he was a minor or minimal participant in his crime. *See* Guideline 3B1.2.

A reviewing court will uphold a sentence unless the sentence was "imposed in violation of law," or was "imposed as a result of an incorrect application of the sentencing guidelines," or was "outside the range of the applicable sentencing guideline, and is unreasonable." 18 U.S.C. §§ 3742(d) and (e). The reviewing court "shall accept the

findings of fact of the district court unless they are clearly erroneous." 18 U.S.C. § 3742(d).

The sentencing guidelines necessarily call upon the district courts to make sophisticated factual determinations which depend upon an assessment of the broad context of the crime. A defendant's status as a "minimal participant" or a "minor participant" is among these sophisticated factual determinations, and these findings "enjoy the protection of the clearly erroneous standard." Although we encourage judges to supply more specific factual findings, a simple statement that the defendant was not a "minor participant" will suffice as a factual finding. *United States v. Buenrostro,* 868 F.2d 135, 137(5th Cir. 1989). *See also United States v. Mejia–Orosco,* 867 F.2d 216 (5th Cir.1989).

Madrid–Mutio places great emphasis upon the second application note accompanying Guideline 3B1.2. That note first observes that the "minimal participant" adjustment should be used infrequently. It goes on to state that the adjustment "would be appropriate, for example, for someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." Madrid–Mutio contends that he is the sort of courier mentioned in the last phrase of the application note.

We have held, however, that a defendant may be a courier without being either a minimal participant or a minor participant. *Buenrostro,* 868 F.2d at 139. Minimal participant status is not a legal conclusion derived by applying the guidelines to factual determinations. It, like "manager" status within the meaning of § 3B1.1, is itself a factual determination. That determination turns upon culpability, not courier status. As we said in *Buenrostro,* a defendant may be a courier without being substantially less culpable than the average participant. Culpability is a deter-

mination requiring sensitivity to a variety of factors.

The example which the defendant relies upon is part of an application note *restricting* use of the minimal participant adjustment. The example suggests that some couriers may appropriately receive the reduction; it does not suggest that all couriers are entitled to a downward adjustment. *Buenrostro,* 868 F.2d at 138. If the Sentencing Commission wished to establish a special downward adjustment for all drug couriers, it could easily have done so. It could have included courier status as a specific offense characteristic in the guidelines setting the base offense level for drug traffickers. The Commission could have done so, but it did not.

We hold that the record supports the district judge's factual finding that Madrid–Mutio was neither a minimal nor a minor participant in his crime. Madrid–Mutio was apprehended with a significant quantity of heroin. The district judge considered the defendant's crime a serious one with serious consequences for the public. His findings are not clearly erroneous. *Buenrostro,* 868 F.2d at 138.

### III

Madrid–Mutio contends that the district court should have made a downward departure from the guideline sentence. We will uphold a district court's refusal to depart from the guidelines unless the refusal was in violation of law. *Buenrostro,* 868 F.2d at 139. Madrid–Mutio does not, however, suggest any law violated by the district court's refusal to depart. Indeed, the gist of the defendant's claim is that the district court gave him precisely the sentence required by law. A claim that the district court refused to depart from the guidelines and imposed a lawful sentence provides no ground for relief. We therefore affirm the district court's refusal to depart from the guidelines.

For the reasons stated, the sentence imposed by the district court is, in all respects,

AFFIRMED.