IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40898
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NAHUN MUNOZ-CRUZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-B-95-119-01
- - - - - - - - - -
July 17, 1996

Before HIGGINBOTHAM, EMILIO M. GARZA, and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Nahun Munoz-Cruz appeals his sentence for conspiracy to possess marijuana with intent to distribute. He argues that the district court erred when it enhanced his base offense level by two for possession of a firearm, when it declined to grant him a reduction based on his role in the conspiracy, and when it did not state reasons for that denial at the sentencing hearing. Our review of the record and the arguments and authorities convinces us that no reversible error was committed.

Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The two-level enhancement for possession of the firearm was not clearly erroneous because it was reasonably foreseeable to Munoz-Cruz that such would be used by his coconspirator to protect the large amount of marijuana intended for distribution. United States v. Gaytan, 74 F.3d 545, 559 (5th Cir. 1996); United States v. Aquilera-Zapata, 901 F.2d 1209, 1215-16 (5th Cir. 1990). Nor did the court err when it declined to grant him a reduction based on his role in the offense inasmuch as his role as a courier did not render him substantially less culpable than his coconspirators. United States v.Edwards, 65 F.3d 430, 434 (5th Cir. 1995); United States v. Gallegos, 868 F.2d 711, 713 (5th Cir. 1989). The district court was not required to state its reasons for denying the reduction because it adopted the findings and conclusions of the presentence report. See United States v. Mora, 994 F.2d 1129, 1141 (5th Cir.) cert. denied, 114 S. Ct. 417 (1993).

AFFIRMED.