IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41008
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID MATA-DELGADO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-202-1
--------------------
August 6, 2001

Before JOLLY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Mata-Delgado (Mata) appeals the sentence imposed by
the district court following his guilty-plea conviction to
possession of marijuana with intent to distribute. He asserts
that the district court misapplied U.S.S.G. § 3B1.2 and refused
to give him a downward adjustment for his role in the offense by
requiring that another individual had to be prosecuted for the
guideline to apply. This court reviews the sentencing judge's
application of the guidelines *de novo*. United States v.
Patterson, 962 F.2d 409, 416 (5th Cir. 1992). The record does

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not reveal that the district court failed to impose the guideline based upon a mistaken belief that another individual had to be charged, prosecuted, or convicted. Mata has failed to show that the district court misapplied the Sentencing Guidelines.

Mata also contends that the district court clearly erred in its factual finding that no other individual was involved in the offense, in light of a statement in the presentence report stating that Mata was recruited by another individual to transport the marijuana across the border. A district court's factual finding regarding a defendant's role in the offense is reviewed for clear error. United States v. Gallegos, 868 F.2d 711, 713 (5th Cir. 1989). Based upon the statements made at sentencing, it is unclear whether the district court found that no other individual was involved in an uncharged conspiracy and that Mata acted entirely alone or whether it concluded that there was no showing that another individual participated in the possession-with-intent-to-distribute charge, the only charge taken into consideration at sentencing. See United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995). Because it is not clear whether the district court committed clear error in its factual finding, Mata's sentence is VACATED and the case REMANDED for further consideration.

VACATED AND REMANDED.