IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20095
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CARLOS D. QUINTANILLA-ALCANTARA,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-356-ALL
- - - - - - - - - - -
January 15, 2003

Before KING, Chief Judge, and JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

Carlos D. Quintanilla-Alcantara ("Quintanilla") appeals his

conviction and sentence for possession with intent to distribute

500 grams or more of cocaine, in violation of  21 U.S.C. § 841.

He argues that 21 U.S.C. § 841 is unconstitutional in light of

the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S.

466 (2000).  This argument is foreclosed by this court's decision

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000), <u>cert. denied</u>, 532 U.S. 1045 (2001).

Quintanilla argues that the district court clearly erred in refusing to award a two-level reduction in his guideline range on the basis that he was a minor participant in the offense.  <u>See</u> U.S.S.G. § 3B1.1.  However, a defendant "may be a courier without being substantially less culpable that the average participant." <u>United States v. Brown</u>, 54 F.3d 234, 241 (5th Cir. 1995).  The district court did not err in refusing to give Quintanilla the minor role adjustment.  <u>See</u> <u>United States v. Gallegos</u>, 868 F.2d 711, 713 (5th Cir. 1989).  Further, the district court was not required to state its reasons for denying the reduction because it expressly adopted the findings and conclusions of the presentence report.  <u>See</u> <u>United States v. Gallardo-Trapero</u>, 185 F.3d 307, 323-24 (5th Cir. 1999).

AFFIRMED.