**F I L E D**
**United States Court of Appeals**
**Fifth Circuit**

**March 27, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40986
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID EDWARD PAGE,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-802-2

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

David Edward Page pleaded guilty to one charge of possession
with intent to distribute 430.1 kilograms of marihuana in violation
of 21 U.S.C. § 841, and the district court sentenced him to forty
months in prison and a three-year term of supervised release. Page
argues on appeal that the district court committed clear error in
denying him a decrease in his base offense level in accordance with
U.S.S.G. § 3B1.2 because his role in the offense was limited to

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that of a drug courier.  Page has not shown that the district court erred in refusing to give him this adjustment.  *See United States v. Deavours*, 219 F.3d 400, 404 (5th Cir. 2000); *United States v. Gallegos*, 868 F.2d 711, 713 (5th Cir. 1989).[1]

Page further contends that 21 U.S.C. §§ 841(a), (b), are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  As Page contends, his argument is foreclosed by this court's decision in *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000).  Page has shown no error in the district court's

---

[1]We note in passing that Page's base offense level was 28, calculated on the some 458 kilograms of marihuana in the vehicle he was driving (and was the sole occupant of) from the Rio Grande Valley to Chicago; Page was granted a three level reduction, to level 25, for acceptance of responsibility.  With his criminal history category IV, this produced a guideline imprisonment range of 84 to 105 months.  Given the quantity of marihuana, Page was subject to a statutory minimum sentence of five years.  21 U.S.C. § 841(b)(1)(B)(vii).  However, the Government moved for downward departure under guidelines section 5K1.1 on account of the substantial assistance Page had provided, thus authorizing the court to impose a sentence below the statutory minimum.  The Government indicated it was requesting a three level downward departure, to offense level 22, which would have produced a guidelines imprisonment range of 63 to 78 months.  The court granted the Government's motion to depart, but departed considerably farther than the Government had requested, imposing a 40 month sentence (a seven level departure, to level 18, would have produced a guidelines imprisonment range of 41 to 51 months).  Had the court granted Page a four level reduction for having a minimal role in the offense, which would have reduced his offense level to 21, his guideline imprisonment range without any departure would have been 57 to 71 months; and, if, *in addition to that*, the court had simply granted the three level reduction requested in the Government's 5K1.1 motion (instead of granting a greater departure) the offense level would likewise have been 18 with a guideline imprisonment range of 41 to 51 months.  The court's actual sentence of 40 months is within the guideline imprisonment range of 33 to 41 months for offense level 16.

judgment.  Accordingly, that judgment is

AFFIRMED.