United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40114
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS RODRIGUEZ-RUIZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-217-1
---------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

Juan Carlos Rodriguez-Ruiz (Rodriguez) appeals the sentence he received following his guilty-plea conviction to possession of cocaine with intent to distribute. He asserts that the district court erred in denying him a downward adjustment pursuant to the safety valve provision, U.S.S.G. § 5C1.2. Rodriguez has not met his burden of establishing that he provided truthful and complete information to the Government. See § 5C1.2(a)(5); United States v. Flanagan, 80 F.3d 143, 146 (5th Cir. 1996). He has not shown

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court clearly erred in denying the adjustment.
See United States v. Miller, 179 F.3d 961, 963-64 (5th Cir.
1999).

Rodriguez also asserts that the district court erred in denying him an adjustment for his minor role in the offense. Typically this court reviews such claims for clear error. United States v. Gallegos, 868 F.2d 711, 713 (5th Cir. 1989). However, because Rodriguez moved in the district court for an adjustment based upon his *minimal* role, this court should review for plain error. See United States v. Leonard, 157 F.3d 343, 345 (5th Cir. 1998). Regardless which standard we use, Rodriguez has not established that he was "substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n.3(A)); United States v. Lokey, 945 F.2d 825, 840 (5th Cir. 1991). The judgment of the district court is therefore AFFIRMED.