United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 31, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51333
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

WINSTON GEORGE SCOTT,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-03-CR-170-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

    Following a jury trial, Winston George Scott was found guilty of one charge of aiding and abetting possession of between 100 and 1000 kilograms of marijuana with intent to distribute. The district court sentenced him to 63 months in prison and a five-year term of supervised release. Scott now appeals his conviction and sentence.

    Scott first argues that the district court erred by denying his motion to suppress the marijuana that was found in his truck.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Scott's arguments on this issue are unavailing. The district court found that a dog that had been trained to detect illegal drugs, including marijuana, alerted to Scott's truck while a Border Patrol officer was making inquiries as to his citizenship. This factual finding is not clearly erroneous and provides a sufficient basis for the district court's conclusion that neither the agent's initial decision to detain Scott nor the subsequent search of his truck was unconstitutional. See United States v. Sanchez-Pena, 336 F.3d 431, 444 (5th Cir. 2003); United States v. Hunt, 253 F.3d 227, 229-30 (5th Cir. 2001).

Scott's argument that his truck should be considered his home for Fourth Amendment purposes lacks merit. See Pennsylvania v. Labron, 518 U.S. 938, 940 (1996) (per curiam); see also California v. Carney, 471 U.S. 386, 392-94 (1985). Scott has not shown plain error in connection with his argument that his Fourth Amendment rights were violated when the dog stepped onto the stairs leading to the cab of his truck. See United States v. Maldonado, 42 F.3d 906, 909-12 (5th Cir. 1995). Finally, Scott's argument that the search was improper because he did not consent to it lacks merit. The search was based on probable cause and was thus constitutional. See United States v. Portillo-Aguirre, 311 F.3d 647, 652 (5th Cir. 2002). Scott has not shown that the district court erred in denying his motion to suppress.

Scott likewise has not shown that the district court erred in denying his request for a reduction to his base offense level

due to his alleged status as a minor participant in the offense of conviction.  Scott was not entitled to this adjustment because his role was limited to that of a courier.  See United States v. Pofahl, 990 F.2d 1456, 1485 (5th Cir. 1993).  Scott's act of transporting a single large shipment of drugs, as well as the fact that he was sentenced only for activities in which he participated, provide adequate bases for denying the requested reduction.  See United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995); United States v. Gallegos, 868 F.2d 711, 713 (5th Cir. 1989).

The judgment of the district court is AFFIRMED.