United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30017
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARIO ROJAS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 03-CR-18-ALL-B
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Mario Rojas ("Rojas") appeals the sentence imposed following

his guilty-plea conviction for possession with intent to

distribute more than one kilogram of heroin.  Rojas argues that

the district court clearly erred by refusing to grant him a two

to four level reduction in his offense level for being a minor or

minimal participant in the offense because he was merely a drug

courier.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rojas's role in the offense "turns upon culpability, not courier status."  See United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989).  Consequently, Rojas is not necessarily eligible for a reduction of his offense level under U.S.S.G. § 3B1.2.  See United States v. Edwards, 65 F.3d 430, 434 (5th Cir. 1995).  The large quantity of heroin that Rojas was transporting supports the district court's finding that Rojas was not a minor or minimal participant.  See United States v. Gallegos, 868 F.2d 711, 712-13 (5th Cir. 1989).  Additionally, the fact that Rojas's sentence was based only upon activities in which he participated supports the district court's determination.  See United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995).  While Rojas did not have enough information to provide substantial assistance to authorities, this does not show that he was a minor or minimal participant because couriers who transport illegal substances without substantial knowledge of the criminal activities involved can be very valuable to a criminal organization.  See Buenrostro, 868 F.2d at 138.

Rojas has not shown that the district court clearly erred by refusing him a reduction for being a minor or minimal participant in the offense.  Accordingly, Rojas's sentence is AFFIRMED.