United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50158
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FIDEL VAZQUEZ-SANCHEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-436-1-AML
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Fidel Vazquez-Sanchez appeals the 70-month sentence imposed following his guilty-plea conviction of importation of a controlled substance and possession with intent to distribute a controlled substance. Vazquez argues that the district court clearly erred by failing to award him a two-level reduction under U.S.S.G. § 3B1.2(b) for having a minor role in the offense. He argues that he was a mere courier who was hired to drive a car loaded with cocaine across the border to a certain destination

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

within the United States, leave the car, and return to Mexico. He asserts that other participants in the offense were more culpable.

A defendant's status as a courier does not necessarily render him a minor participant. United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). The defendant bears the burden of establishing by a preponderance of the evidence that his role was minor, but the district court need not accept self-serving statements about the defendant's role in the offense. United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995).

Following his arrest, Vazquez admitted to officers that he knew the vehicle contained contraband and that he was to be paid $7,000 for smuggling the drugs into the United States. In view of the quantity and purity of the cocaine found in the vehicle, the district court did not clearly err by denying Vazquez an adjustment for playing a minor role in the offense. See United States v. Gallegos, 868 F.2d 711, 713 (5th Cir. 1989); Buenrostro, 868 F.2d at 137-38; U.S.S.G. § 2D1.1, comment. (n.9).

AFFIRMED.