United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-50465
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**LINDA VICTORIA VILLEGAS-ESCALANTE,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Western District of Texas
(3:05-CR-2556-ALL)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pursuant to her guilty plea, Linda Victoria Villegas-Escalante was convicted of one count of importing a quantity of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and one count of possessing with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841. She appeals her concurrent 33-month sentences.

Notwithstanding the Sentencing Guidelines' now being advisory, a district court must still determine the guideline range. *E.g.,* ***United States v. Charon***, 442 F.3d 881, 886-87 (5th Cir.), *cert.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*denied*, 127 S. Ct. 260 (2006). Its interpretation and application of those Guidelines is reviewed *de novo*; its factual determinations, only for clear error. **Id.**

Focusing on a portion of the probation officer's responses to her objections to the Modified Presentence Report, Villegas contends the district court misapplied Guidelines § 3B1.2 by determining she was ineligible for a minor-role adjustment because she was the only defendant. We decline to disturb that ruling on this basis because the record does not show the adjustment was denied for this reason.

Villegas next contends the district court clearly erred in determining she was *not* a minor participant. She maintains her only activity in the offense was to drive a vehicle a short distance into the United States and to park it. Villegas asserts: she was recruited and was to be paid by another person who was higher up in the organization; and other persons were to distribute the marijuana in the United States.

The determination of a defendant's role in the offense is a factual finding, reviewed only for clear error. **United States v. Deavours**, 219 F.3d 400, 404 (5th Cir. 2000). To be eligible for a minor-role adjustment, a defendant "must have been peripheral to the advancement of the illicit activity". **United States v. Miranda**, 248 F.3d 434, 447 (5th Cir. 2001).

2

In the light of Villegas' actual involvement in importing and possessing a distributable quantity of marijuana, the district court did *not* clearly err in denying a minor-role adjustment. *See* **United States v. Atanda**, 60 F.3d 196, 199 (5th Cir. 1995); **United States v. Gallegos**, 868 F.2d 711, 712-13 (5th Cir. 1989).

*AFFIRMED*