# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-50451
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN CARLOS HERNANDEZ-ALFEREZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1810-ALL

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Hernandez-Alferez (Hernandez) pleaded guilty to one count of importation of marijuana and to one count of possession with intent to distribute marijuana. He appeals the concurrent 27-month sentences imposed by the district court.

Hernandez argues that the district court clearly erred in determining that he was not a minor participant, given that his only activity in the offense was to drive a vehicle across the Mexican border into the United States. Hernandez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that there were other people involved in the offense with a higher degree of culpability.

We review the district court's determination of a defendant's role in the offense for clear error. United States v. Deavours, 219 F.3d 400, 404 (5th Cir. 2000). To be eligible for a minor role adjustment, a defendant "must have been peripheral to the advancement of the illicit activity." United States v. Miranda, 248 F.3d 434, 447 (5th Cir. 2001). In light of Hernandez's actual involvement in importing and possessing a distributable quantity of marijuana, the district court did not clearly err in denying an adjustment for a minor role in the offense. See United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995); United States v. Gallegos, 868 F.2d 711, 712-13 (5th Cir. 1989). Accordingly, the judgment of the district court is AFFIRMED.