# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-51493
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIANO VELASCO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2070-ALL

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mariano Velasco appeals his sentence following his guilty plea conviction for importation of more than 50 kilograms of marijuana and for possession with intent to distribute more than 50 kilograms of marijuana. He argues that the district court clearly erred in denying him a minor-role adjustment under U.S.S.G. § 3B1.2(b). Velasco contends that he was a mere courier who was substantially less culpable than other participants in the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following United States v. Booker, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a).  See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005).  Pursuant to Gall v. United States, 128 S. Ct. 586, 596-97 (2007), this court must determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct, and whether the sentence imposed is substantively reasonable.  Review is for an abuse of discretion.  Id. at 597.  "Neither Gall, Rita v. United States, [127 S. Ct. 2456 (2007)], nor Kimbrough v. United States, [128 S. Ct. 558 (2007)] purport to alter [this court's] review of the district court's construction of the Guidelines or findings of fact."  United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008).  We review the district court's determination of a defendant's role in the offense for clear error.  United States v. Villanueva, 408 F.3d 193, 203 n.9 (5th Cir. 2005).

To be eligible for a minor-role adjustment, a defendant "must have been peripheral to the advancement of the illicit activity."  United States v. Miranda, 248 F.3d 434, 447 (5th Cir. 2001).  In light of Velasco's actual involvement in importing and possessing 71.75 kilograms of marijuana, the district court did not clearly err in denying an adjustment for a minor role in the offense.  See United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995); United States v. Gallegos, 868 F.2d 711, 712-13 (5th Cir. 1989).  Accordingly, the judgment of the district court is AFFIRMED.