# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-50149
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ADRIAN OMAR PRECIADO-GINER

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2233-ALL

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Adrian Omar Preciado-Giner (Preciado) appeals his sentence of 46 months of imprisonment for conspiring to possess, and possessing with intent to distribute, more than 100 kilograms of marijuana. He argues that the district court erred by declining his request for a minor role adjustment pursuant to U.S.S.G. § 3B1.2(b) because he acted only as a courier for the drugs at issue. Whether a defendant is a minor participant in a drug offense is a factual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination reviewed for clear error. United States v. Villanueva, 408 F.3d 193, 203 (5th Cir. 2005). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." Id.

An adjustment for a minor role applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, comment. (n.5). To be eligible for a minor role adjustment, a defendant "must have been peripheral to the advancement of the illicit activity." United States v. Miranda, 248 F.3d 434, 447 (5th Cir. 2001). The burden is on the defendant to establish his entitlement to the reduction by a preponderance of the evidence. Burton v. United States, 237 F.3d 490, 503 (5th Cir. 2000).

A defendant's role in the offense "turns upon culpability, not courier status." United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). Consequently, drug couriers are not necessarily eligible for a reduction of their offense level under § 3B1.2. United States v. Edwards, 65 F.3d 430, 434 (5th Cir. 1995). To the contrary, couriers are often "an indispensable part of drug dealing networks. Without somebody to take the drugs across the border, the drugs will never reach their illicit market." Buenrostro, 868 F.2d at 138.

In denying Preciado a minor role adjustment, the district court observed that Preciado was arrested while transporting from Mexico to Memphis, Tennessee, an "exorbitant" amount of marijuana (474.9 kilograms) with a market value of $834,000. The district court did not clearly err in denying Preciado a minor role adjustment. See United States v. Gallegos, 868 F.2d 711, 712-13 (5th Cir. 1989).

AFFIRMED.