# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2008

Charles R. Fulbruge III
Clerk

No. 08-50278
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICKY PORTILLO AGUILAR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No.  4:99-CR-284-3

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ricky Portillo Aguilar pleaded guilty to conspiracy to possess 100 grams or more of heroin within 1,000 feet of a school and possession with intent to distribute more than 100 grams of heroin.  He was sentenced to 84 months in prison.

Aguilar argues that the district court clearly erred in reducing his base offense level by two levels for his minor participation in the offense rather than by three- or four-levels for his minimal or less than minor participation in the

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

offense. The advisory Sentencing Guidelines provide for a reduction in the base offense level of a "minor" or a "minimal" participant and a participant who falls between a "minor" and "minimal" participant. U.S.S.G. § 3B1.2. To merit a reduction under § 3B1.2, the defendant must have been "substantially less culpable" than the average participant. § 3B1.2 cmt. n.3(A). The role of a defendant in the offense is a factual determination that we review for clear error. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005).

Aguilar's suggestion that he was entitled to a three- or four-level adjustment because he was involved in only one drug delivery is faulty. This court has upheld the denial of minimal role status where the defendant was recruited as a courier for a single shipment of a large quantity of drugs. See United States v. Gallegos, 868 F.2d 711, 713 (5th Cir. 1989); United States v. Rojas, 868 F.2d 1409, 1410 (5th Cir. 1989). Aguilar was apprehended with 378.3 grams of heroin. Although he was involved in a purportedly single instance of drug trafficking, the relatively large quantity of heroin represents a serious crime "with serious consequences for the public." Gallegos, 868 F.2d at 713; see also United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). Moreover, Aguilar provided no evidence, apart from his own self-serving statements, showing that he was substantially less culpable than other participants. The district court did not clearly err in denying him a more generous role adjustment.

Accordingly, the judgment of the district court is AFFIRMED.