**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-50515
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAIME GUZMAN-ARIAS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-3248-ALL

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jaime Guzman-Arias (Guzman) was convicted of one count of importing cocaine into the United States and one count of possessing cocaine with intent to distribute. The district court sentenced him to serve concurrent 121-month terms of imprisonment. Guzman now appeals his sentence. He argues that the district court erred by rejecting his argument that he was a minor participant in the offense and by denying him a two-level adjustment pursuant to U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3B1.2.

Guzman was not entitled to the minor participant adjustment simply because his role in the offense was limited to transporting drugs. *See United States v. Edwards*, 65 F.3d 430, 434 (5th Cir. 1995); *United States v. Pofahl*, 990 F.2d 1456, 1485 (5th Cir. 1993). Rather, such a role is "an indispensable part" of drug related offenses. *See United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989).

The district court determined that the cocaine transported by Guzman was a dangerous drug and that the value of the contraband would be substantially increased by its transportation farther into the United States. The district court's determination concerning Guzman's role in the offense is plausible in light of the entire record and thus is not clearly erroneous. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005); *United States v. Gallegos*, 868 F.2d 711, 713 (5th Cir. 1989).

The judgment of the district court is AFFIRMED.