# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50489
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LEE RAY CONLEY, also known as Lee R. Conley, also known as John Stanley, also known as Ray Conley, also known as Lee Conely,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CR-740-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Lee Ray Conley challenges the length and a special condition of his supervised release, imposed following his guilty plea for failure to register under the Sex Offender Registration and Notification Act, in violation of 18 U.S.C. § 2250(a). Conley contends, *inter alia*: his life-term of supervised release constitutes reversible error because the district court considered

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

impermissible factors; the life-term is substantively unreasonable; and the written judgment contained a special condition of supervised release that was not included in the oral pronouncement of his sentence, requiring the special condition in the written judgment to be vacated.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Although Conley objected to the life-term of supervised release, he acknowledges he did not specifically contend the court procedurally erred by considering an impermissible factor. Accordingly, as he concedes, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Conley must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

At sentencing, the court stated it was imposing the supervised-release term "to protect the public" from Conley's "pattern" of violating the law. The court also stated it was imposing the life-term so the burden would be on Conley "to show that [he] can be a law-abiding citizen". (At sentencing, the

No. 16-50489

court advised Conley that, if he complied with the terms of his supervised release for five years, he could petition the court to have the life-term reduced.) Contrary to Conley's assertion, these statements comport with the objectives of protecting the public and providing adequate deterrence. *See* 18 U.S.C. § 3553(a)(2)(B), (a)(2)(C). Accordingly, Conley has failed to show the requisite plain (clear or obvious) procedural error. *See Puckett*, 556 U.S. at 135; *United States v. Dupre*, 117 F.3d 810, 817 (5th Cir. 1997).

Additionally, given the significant deference due a court's consideration of the § 3553(a) sentencing factors and the court's explanation of its sentencing decision, Conley has not demonstrated his life-term of supervised release, which was authorized by statute, was substantively unreasonable. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 401 (5th Cir. 2012); 18 U.S.C. § 3583(k).

Conley's contention that there is a conflict between the oral pronouncement and the written judgment concerns the following special condition in the latter: "The defendant shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved by the probation officer". Although the special condition was provided in the written judgment, the court did not mention the special condition at sentencing. Conley therefore maintains our court must vacate the special condition to make the written judgment conform to the oral pronouncement at sentencing.

"A defendant has a constitutional right to be present at sentencing." *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). When a conflict exists between the sentence orally pronounced in court and a subsequent written judgment, the oral pronouncement controls. *United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015).

No. 16-50489

The Government, citing *United States v. Rouland*, 462 F.3d 378, 381 (5th Cir. 2006), contends review is only for plain error because the special condition was included in the presentence investigation report (PSR), and Conley did not object to the PSR's recommendation. Nonetheless, because there was no mention of the PSR's special condition at sentencing and Conley did not have a meaningful opportunity to object to the conditions imposed in the written judgment, abuse-of-discretion review applies. *United States v. Hudson*, 625 F. App'x 686, 688–89 (5th Cir. 2015); *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

The written judgment conflicts with the oral pronouncement by imposing a more burdensome requirement of prior approval, rather than merely notifying the probation officer regarding a change in residence. *See Bigelow*, 462 F.3d at 383–84. Therefore, the special condition is vacated and this matter is remanded for the district court to conform the written judgment to the oral pronouncement. *See id.* at 384; *United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012). In the light of this holding, we do not address Conley's other challenges to the special condition.

CONVICTION AFFIRMED; SENTENCE VACATED IN PART; REMANDED.