# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2017

Lyle W. Cayce
Clerk

No. 15-41626
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL CHACON-LARA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1871-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Manuel Chacon-Lara pleaded guilty pursuant to a plea agreement to possession with intent to distribute 500 kilograms or more of methamphetamine. Chacon-Lara argues on appeal that his within-guidelines sentence of 108 months of imprisonment is procedurally unreasonable for two reasons.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41626

First, with respect to Chacon-Lara's assertion that the district court erred in denying him a two-level minor role adjustment under U.S.S.G. § 3B1.2(b), there was no clear procedural error. *See United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). The presentence report (PSR) determined that Chacon-Lara was searching for a driver to transport methamphetamine, that he planned to pay $1,000 for each kilogram of methamphetamine transported, and that he planned future deliveries of large quantities of methamphetamine. Later, agents overheard Chacon-Lara tell a confidential source (CS) that Chacon-Lara had two packets of methamphetamine and observed him give several hundred dollars to the CS for expenses incurred while transporting the methamphetamine. Chacon-Lara informed the CS that he would give the CS contact information for the recipient of the drugs and mentioned future shipments of methamphetamine.

Although Chacon-Lara disputes this version of events, arguing that he merely introduced the CS to the methamphetamine supplier, the PSR's factual findings were presumed reliable and were properly adopted by the district court, as Chacon-Lara failed to offer any rebuttal evidence. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015). Based on the foregoing, the district court's conclusion that Chacon-Lara failed to show that he was entitled to a reduction for a minor role is "plausible in light of the whole record." *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

Second, Chacon-Lara contends for the first time on appeal that the district court erred by failing to adequately explain why his actions made him as culpable as the average participant. *See United States v. Melton*, 930 F.2d 1096, 1099 (5th Cir. 1991). The district court repeatedly stated that Chacon-Lara was not a minor participant and clearly explained its reasons for that conclusion. Accordingly, there was no procedural error in this regard, plain or

No. 15-41626

otherwise.  *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007); *see also United States v. Gallegos*, 868 F.2d 711, 713 (5th Cir. 1989).

Chacon-Lara's appointed counsel on appeal, Vivian R. King, has moved for leave to withdraw.  Chacon-Lara has moved for the appointment of substitute counsel.  The motion for the appointment of new counsel is DENIED.  King's motion to withdraw is premature and will be HELD IN ABEYANCE.  King should, within 20 days of this decision, submit documentation to this court showing that she has fulfilled her obligations to Chacon-Lara as set forth in Section 6 of the Fifth Circuit Plan under the Criminal Justice Act.

The judgment of the district court is AFFIRMED.