# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50556
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROLANDO GOMEZ-TOLENTINO,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-1709-1

Before BARKSDALE, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Rolando Gomez-Tolentino challenges the above-Guidelines sentence of 32 months' imprisonment and three years' supervised release, imposed for his guilty-plea conviction for illegal reentry. Gomez contends: the sentence is substantively unreasonable; and, with respect to the conditions of supervised release, there is a conflict between the oral pronouncement of sentence and the written judgment.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-50556

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Because Gomez objected, at sentencing, to his sentence as being "greater than necessary to effectuate the factors in Section 3553(a)", review is for abuse of discretion. *Gall*, 552 U.S. at 51.

Gomez' substantive-reasonableness challenges are unpersuasive. First, there is no authority supporting his claim that, *inter alia*, Guideline § 2L1.2 improperly double-counts prior convictions. Indeed, our court has rejected similar challenges to the former version of that Guideline. *E.g.*, *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009).

Second, the district court was aware of Gomez' mitigating assertions but imposed a sentence slightly above the Guidelines range in order to account for his history and characteristics of being convicted again for illegal reentry and for previously committing a sex offense (indecent liberties with a child). *See* 18 U.S.C. § 3553(a)(1). Gomez' disagreement with the balancing of these § 3553(a) factors, especially in the light of the deference given the district court, does not amount to the requisite abuse of discretion. *E.g.*, *Gall*, 552 U.S. at 51; *United States v. Smith*, 440 F.3d 704, 710 (5th Cir. 2006). The judgment in this respect is affirmed.

No. 17-50556

Regarding Gomez' claim there is a conflict between the oral pronouncement of his sentence and the written judgment with respect to the special conditions of supervised release, and because he did not have an opportunity at sentencing to object to, or comment on, special conditions of supervised release later imposed in the written judgment, review is for abuse of discretion. *E.g.*, *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006); *United States v. Conley*, 688 F. App'x 288, 289 (5th Cir. 2017).

A defendant has a constitutional right to be present at sentencing. *United States v. Torres-Aguilar*, 352 F.3d 934, 935–36 (5th Cir. 2003). Accordingly, if the oral pronouncement of sentence conflicts with the written judgment, the former controls. *Id.* Along that line, there is no conflict if the only difference between the oral pronouncement and the written judgment is that the latter includes conditions that are mandatory, standard, or recommended under the Guidelines; conversely, there is a conflict if the written judgment contains a special condition the court did not orally pronounce. *Id.* at 936, 938.

Gomez contests the imposition of the written conditions that require him to participate in sex-offender treatment, refrain from unsupervised contact with minors, and not reside within certain distances of certain kinds of facilities. The court did not orally pronounce these conditions, and its oral pronouncement that "[a]ny additional SORNA conditions shall apply", concerning the Sex Offender Registration and Notification Act, cannot be interpreted as reflecting its intent to impose the challenged conditions. The challenged conditions may be typically imposed on a defendant convicted of a sex offense, and a defendant convicted of a sex offense may also be subject to SORNA; no stronger nexus, however, renders them "SORNA conditions".

No. 17-50556

The challenged conditions are not mandatory, standard, or recommended conditions, and they have not been adopted as standard conditions by the Western District of Texas. *See* U.S.S.G. § 5D1.3; 18 U.S.C. § 3583. Therefore, the court was required to orally pronounce these conditions; and, by failing to do so, it created a conflict between the oral pronouncement and the written judgment. *E.g.*, *Torres-Aguilar*, 352 F.3d at 935–36. To the extent of this conflict, the judgment is vacated, and the case is remanded to district court with instructions to conform the written judgment to the oral pronouncement of sentence. *See Bigelow*, 462 F.3d at 384.

AFFIRMED in part; VACATED in part; REMANDED.